**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

WILLIAM DAVID BAKER and
JEFFREY GILL on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,

v.

HELIX TCS, INC.

    Defendant.
_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiffs, by and through undersigned counsel, file this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendant.

## STATEMENT OF THE CASE

1. Plaintiffs and those similarly situated are currently, or were formerly, employed by Defendant to work long hours for low wages as salaried security guards.

2. Defendant did not pay its salaried security guard employees overtime premiums for hours worked beyond forty each workweek.

3. Defendant thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* and the Colorado Minimum Wage Act (the "CMWA"), Colo. Rev. Stat. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1(4).

4. Defendant violated the FLSA and the CMWA because those Acts require employers to pay their employees one-and-one-half times each employee's regular rate

of pay for each hour worked beyond forty each workweek.

5. Plaintiffs seek compensation for Defendant's violations of the FLSA and CMWA on their own behalf and on behalf of all other similarly-situated salaried security guard employees of Defendant.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff William David Baker was employed by Defendant from approximately January, 2016 through approximately December, 2016. Plaintiff Baker's signed FLSA Consent to Joint Litigation is attached to this Complaint as Plaintiffs' Exhibit 1.

7. Plaintiff Jeffrey Gill was employed by Defendant from approximately September, 2016 through approximately December, 2016. Plaintiff Gill's signed FLSA Consent to Joint Litigation is attached to this Complaint as Plaintiffs' Exhibit 2.

8. Defendant Helix TCS, Inc. is a registered foreign corporation with a principal street address of 5300 DTC Parkway, Suite 300, Greenwood Village, Colorado 80111.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the FLSA, 29 U.S.C. §§ 201 *et seq.*

10. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the CMWA pursuant to 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

12. Plaintiffs and those similarly situated worked as salaried security guards for Defendant.

13. Defendant compensated Plaintiffs and other security guard employees on a

salary basis and did not pay Plaintiffs and others overtime premiums for hours worked beyond forty each workweek.

14. For example, during the two-week pay period running from June 26, 2016 through July 10, 2016, Plaintiff Baker worked approximately 114 hours for Defendant. During the two-week pay period running from July 26, 2016 through August 10, 2016, Plaintiff Baker worked approximately 122 hours for Defendant. And during the pay period running from August 11, 2016 through August 25, 2016, Plaintiff Baker worked approximately 98 hours for Defendant. Defendant paid Plaintiff Baker a flat rate salary of $1,235.05 for his work in each of these pay periods and did not pay him overtime premiums for the hours he worked beyond forty each workweek.

15. Similarly, Plaintiff Gill worked 125.75 hours for Defendant during the October 11, 2016 through October 25, 2016 pay period, and 94.5 hours during the November 11, 2016 through November 25, 2016 pay period and was not paid overtime premiums.

16. Defendant subjected all their salaried security guard employees to the same policy and practice of avoidance of overtime premium payments.

17. At all times relevant to this action, Defendant employed persons, including Plaintiffs and the Members of the Class they seek to represent, within the State of Colorado.

18. At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiffs and others were to perform.

19. During each year relevant to this action, Plaintiffs and others handled handcuffs, asps, uniforms and other materials which moved in interstate commerce.

20. Defendant enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

## RULE 23 CLASS ALLEGATIONS

21. Plaintiffs assert their First Claim, brought under the CMWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

22. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "Rule 23 Class" as follows:

> All salaried security guard employees who worked for Helix TCS, Inc. on or after March 8, 2015.

23. This action is properly brought as a class action for the following reasons.

24. Upon information and belief, all of Defendant's salaried security guard employees were subject to Defendant's common policy of refusing to pay overtime wages.

25. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiffs believe and allege that the number of Class Members is in the 75-150 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

26. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: whether Defendant failed to pay its salaried security guard employees overtime wages for all hours worked beyond forty each workweek.

27. The claims asserted by Plaintiffs are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay overtime premiums to non-exempt security guard employees. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendant's policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent Members of the putative Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

29. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

30. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

31. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

32. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the

interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

33. Plaintiffs are unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

34. Plaintiffs are aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

35. It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

36. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

37. The contours of the class will be easily defined by reference to payroll documents that Defendants was legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each Class Member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring their Second Claim, brought pursuant to the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated salaried security guard employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All salaried security guard employees who worked for Helix TCS, Inc. on or after March 8, 2014.

39. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

40. All potential 216(b) Class Members are similarly situated because they worked for Defendant as salaried security guard employees and were subject to Defendant's common policy of refusing to pay overtime premiums.

## FIRST CLAIM – Failure to Pay Overtime Premiums
## Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

41. Plaintiffs repeat and re-allege each of the above allegations as if fully set forth herein.

42. Plaintiffs assert this count on their own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

43. Defendant was Plaintiffs' and others' "employer" as that term is defined by the MWO because it employed Plaintiffs and others in Colorado. 7 C.C.R. 1103-1(2).

44. Plaintiffs and others were Defendant's "employees" as that term is defined by

7

the MWO because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

45. Defendant employed Plaintiffs and others in a business or enterprise engaged in providing services to other commercial firms through the use of service employees. 7 C.C.R. 1103-1(2)(B).

46. Defendant violated the CMWA, as implemented by the MWO, when it failed to pay Plaintiffs and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1(4).

47. As a result, Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

48. Plaintiffs and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

49. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

50. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

51. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

52. Defendant "employed" the Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

53. Defendant was Plaintiffs' and others' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

54. Defendant violated the FLSA when it refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

55. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

56. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiffs and others are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray that:

As to their FIRST CLAIM brought under the CMWA as implemented by the MWO, Plaintiffs respectfully request an Order from the Court that:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiffs be certified as the class representatives of the Rule 23 Class;

   c. Undersigned counsel be appointed Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential Rule 23 Class members;

   e. Plaintiffs and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

   f. Plaintiffs be awarded a service award in recognition of their work as representatives of the Rule 23 Class;

   g. Plaintiffs and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to their SECOND CLAIM claim brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. Plaintiffs and the 216(b) Class be awarded unpaid overtime premiums;

c. Plaintiffs and the 216(b) Class be awarded liquidated damages as required by law;

d. Plaintiffs and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiffs and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. Plaintiffs and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*